FORM 1 VOLUNTARY PETITION

## United States Bankruptcy Court

Northern District of Illinois

**VOLUNTARY PETITION**

IN RE (Name of debtor-If individual, enter Last, First, Middle)

Shores Laurin

NAME OF JOINT DEBTOR (Spouse) (Last, First, Middle)

ALL OTHER NAMES used by debtor in the last 6 years (Include married, maiden and trade names)

ALL OTHER NAMES used by the joint Debtor in the last 6 years (Include married, maiden and trade names)

SOC. SEC./TAX I.D. NO. (If more than one, state all)

2453

SOC. SEC./TAX I.D. NO. (If more than one, state all)

STREET ADDRESS OF DEBTOR (No. and street, city, state, zip)

20000 Pork Ave
Lynwood, IL
60411

STREET ADDRESS OF JOINT DEBTOR (No. and street, city, state, zip)

COUNTY OF RESIDENCE OR PRINCIPAL PLACE OF BUSINESS

Cook

COUNTY OF RESIDENCE OR PRINCIPAL PLACE OF BUSINESS

MAILING ADDRESS OF DEBTOR (If different from street address)

MAILING ADDRESS OF JOINT DEBTOR (If different from street address)

LOCATION OF PRINCIPAL ASSETS OF BUSINESS DEBTOR (If different from addresses listed above)

☑ Debtor has been domiciled or has had a residence, principal place of business or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.
☐ There is a bankruptcy case concerning debtor's affiliate, general partner or partnership pending in this District.

INFORMATION REGARDING DEBTOR (Check applicable boxes)

TYPE OF DEBTOR
☑ Individual
☐ Joint (H&W)
☐ Partnership
☐ Other

☐ Corporation Publicly Held
☐ Corporation Not Publicly Held
☐ Municipality

CHAPTER OR SECTION OF BANKRUPTCY CODE UNDER WHICH THE PETITION IS FILED (Check one box)
☐ Chapter 7
☐ Chapter 9
☐ Chapter 11
☐ Chapter 12
☑ Chapter 13
☐ § 304-Case Ancillary to Foreign Proceeding

NATURE OF DEBT
☐ Non-Business Consumer    ☐ Business - Complete A&B below

A. TYPE OF BUSINESS (check one box)
☐ Farming
☐ Professional
☐ Retail/Wholesale
☐ Railroad

☐ Transportation
☐ Manufacturing/ Mining
☐ Stockbroker

☐ Commodity Broker
☐ Construction
☐ Real Estate
☐ Other Business

FILING FEE (Check one box)
☐ Filing fee attached.
☐ Filing fee to be paid in installments. (Applicable to individuals only) Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form No.3

NAME AND ADDRESS OF LAW FIRM OR ATTORNEY
Law Offices of Ronald B. Lorsch
1829 West 170th Street
Hazel Crest, IL  60429
Telephone No. (708) 799-0102

B. BRIEFLY DESCRIBE NATURE OF BUSINESS

NAME(S) OF ATTORNEY(S) DESIGNATED TO REPRESENT THE DEBTOR

STATISTICAL ADMINISTRATIVE INFORMATION (28 U.S.C. § 604) (Estimates only) (Check applicable boxes)

☐ Debtor is not represented by an attorney. Telephone no. of debtor not represented by an attorney: (      )

☑ Debtor estimates that funds will be available for distribution to unsecured creditors.
☐ Debtor estimates that after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE FOR COURT USE ONLY

ESTIMATED NUMBER OF CREDITORS
☑ 1-15    ☐ 16-49    ☐ 50-99    ☐ 100-199    ☐ 200-999    ☐ 1000-over

ESTIMATED ASSETS (in thousands of dollars)
☐ Under 50    ☐ 50-99    ☐ 100-499    ☐ 500-999    ☐ 1000-9999    ☐ 10,000-99,000    ☐ over 100,000

ESTIMATED LIABILITIES (in thousands of dollars)
☐ Under 50    ☐ 50-99    ☑ 100-499    ☐ 500-999    ☐ 1000-9999    ☐ 10,000-99,000    ☐ over 100,000

ESTIMATED NUMBER OF EMPLOYEES - CH 11 & 12 ONLY
☐ 0    ☐ 1-19    ☐ 20-99    ☐ 100-999    ☐ 1000-over

ESTIMATED NO. OF EQUITY SECURITY HOLDERS - CH 11 & 12 ONLY
☐ 0    ☐ 1-19    ☐ 20-99    ☐ 100-999    ☐ 1000-over
                    ☐ 100-499    ☐ 500-over

et: Lauryn Shores

Debtor(s)    Case No.    (If known)

## SCHEDULE A - REAL PROPERTY

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTORS INTEREST IN PROPERTY | H W J C | CURRENT MARKET VALUE OF DEBTORS INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| Single family Residence 20000 Park Ave Lynwood, IL 60411 | Fee Simple | | 183000 | 180000 |
| 19503 Lake shore Dr Lynwood, IL 60411 | Fee Simple | | 92000 | 90000 |
| | | Total -> $ | 273000 | (Report also on Summary of Schedules.) |

## SCHEDULE B - PERSONAL PROPERTY

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT MARKET VALUE OF DEBTORS INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| Cash on hand | X | | | |
| Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | Checking - National City | | 1200. |
| Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| Household goods and furnishings including audio, video and computer equipment. | | household Goods | | 3500 |
| Books; pictures and other art objects; antiques; stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| Wearing apparel. | | Wearing Apparel | | 500 |
| Furs and jewelry. | | | | |
| Insurance | | Term | | |

In re: Lauryn Shores

**SCHEDULE B**
**PERSONAL PROPERTY**

Debtor(s)    Case No.    (if known)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 10. Annuities. Itemize and name each issuer. | X | | | |
| 11. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Itemize | X | | | |
| 12. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 13. Interest in partnerships or joint ventures. Itemize. | X | | | |
| 14. Government and corporate bonds and other negotiable and nonegotiable instruments. | X | | | |
| 15. Accounts receivable. | X | | | |
| 16. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 17. Other liquidated debts owing debtor including tax refunds. Give particulars. | X | | | |
| 18. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule of Real Property. | X | | | |
| 19. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 20. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 21. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 22. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 23. Automobiles, trucks, trailers, and other vehicles and accessories. | | 2003 Chevy Cavlier-28000 miles | | 9125 |
| 24. Boats, motors, and accessories. | X | | | |
| 25. Aircraft and accessories. | X | | | |
| 26. Office equipment, furnishings, and supplies. | X | | | |
| 27. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 28. Inventory. | X | | | |
| 29. Animals. | X | | | |
| 30. Crops - growing or harvested. Give particulars. | X | | | |
| 31. Farming equipment and implements. | X | | | |
| 32. Farm supplies, chemicals, and feed. | X | | | |
| 33. Other personal property of any kind not already listed. Itemize. | X | | | |

None

(include amounts from any continuation sheets attached. Report total also on Summary of Schedules)    continuation sheets attached    Total -> $ 9125

In re: Lauryn Shores

**SCHEDULE C - PROPERTY CLAIMED AS EXEMPT**

Debtor(s)    Case No.    (if known)

Debtor elects the exemptions to which debtor is entitled under (Check one box)

☐ 11 U.S.C. § 522(b)(1): Exemptions provided in 11 U.S.C. § 522(d). Note: These exemptions are available only in certain states.
☐ 11 U.S.C. § 522(b)(2): Exemptions available under applicable nonbankruptcy federal laws, state or local law.

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT MARKET VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTION |
|---|---|---|---|
| Single Family Residence | 735 ILCS 5/12 901 | 4,500 | 183,000 |
| Checking - National City | 735 ILCS 5/12 1001(b) | 1,200 | 1,200 |
| Household Goods | 735 ILCS 5/12 1001(b) | 800 | 800 |
| Wearing apparel | 735 ILCS 5/12 1001(a) | 500 | 500 |

in re: Lauryn Shores

Debtor(s)     Case No.

(If known)

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

☐ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CO DEBTOR | H W J C | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND MARKET VALUE OF PROPERTY SUBJECT TO LIEN | C U D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION IF ANY |
|---|---|---|---|---|---|---|
| A/C # National City PO Box 1820 Dayton, OH 45401-1820 | | | Purchase - 5/2004 Payment direct First Mtg - Park Ave. VALUE $ 183000 | | 180,000 | |
| A/C # Chase Manhattan PO Box 78824 Phoenix, AZ 85062 | | | Purchase - 9/2002 Payment Direct 2nd Mtg Lake Shore Drive VALUE $ 92000 | | 90,000 | |
| A/C # GMAC PO Box 217060 Auburn Hills, MI, 48321 | | | Purchase 12/2002 Payment direct VALUE $ 9125 | | 13,119 | 3994 |
| A/C # Bay Furniture PO Box 94498 Las Vegas, NV 89193 | | | Furniture VALUE $ 3100 | | 5205 | |
| A/C # | | | VALUE $ | | | |
| A/C # | | | VALUE $ | | | |
| A/C # | | | VALUE $ | | | |
| A/C # | | | VALUE $ | | | |
| | | | VALUE $ | | | |

None   continuation sheets attached          Subtotal ->
                                            (Total of this page)   $

In re: **Lauryn Shores**

Debtor(s)    Case No.    (if known)

## SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

☑ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E

TYPE OF PRIORITY CLAIMS (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Extensions of credit in an involuntary case**
Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507 (a) (2).

☐ **Wages, salaries, and commissions**
Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees, up to a maximum of $2000 per employee, earned within 90 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507 (a) (3).

☐ **Contributions to employee benefit plans**
Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507 (a) (4).

☐ **Certain farmers and fishermen**
Claims of certain farmers and fishermen, up to a maximum of $2000 per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507 (a) (5).

☐ **Deposits by individuals**
Claims of individuals up to a maximum of $900 for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507 (a) (6)

☐ **Taxes and Certain Other Debts Owed to Governmental Units**
Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507 (a) (7).

☐ **Commitments to Maintain the Capital of an Insured Depository Institution**
Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a) (8).

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | C O D E B T | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | C U D * | TOTAL AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY |
|---|---|---|---|---|---|---|
| A/C# | | | | | | |
| | | | | | | |
| A/C# | | | | | | |
| | | | | | | |
| A/C# | | | | | | |
| | | | | | | |
| A/C# | | | | | | |
| | | | | | | |
| A/C# | | | | | | |
| | | | | | | |

None  Continuation sheets attached.

Subtotal -> (Total of this page)  $

Total -> (use only on last page of the completed Schedule E)  $

In re: Lauryn Shores

Debtor(s)    Case No.    (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

☐ Check this box if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C U D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|
| A/C # St Marld Nercl Healthcare c/o Mutual Hospital Services PO Box 19828 Indianapolis, IN 46219 | | | Medical | | 75 |
| A/C # St James Hospital 1423 Chicago Rd. Chicago Heights, IL 60411 | | | Medical | | 300 |
| A/C # Lansing Police + Fire dept EMS brlling PO Box 146 Lansing, IL 60438 | | | Medical | | 478 |
| A/C # Associated Laboratory physicians PO Box 74821 Chicago, IL 60694 | | | Medical | | 183 |
| A/C # Ingalls Memorial Hosp c/o Medical Recovery Specialists 2200 East Devon Ave Suite 288 Des Plaines, IL 60018 | | | Medical | | 50 |
| A/C # Comcast PO Box 3002 Southeastern, PA 19398 | | | Cable Service | | 211 |
| A/C # AT+T Bundled c/o OSI Collection Service PO Box 957 Brookfield, WI 53008 | | | | | 102 |
| A/C # Telecom USA PO Box 600607 Jacksonville, FL 32260 | | | | | 93 |
| A/C # | | | | | |

__1__ Continuation Sheets attached.

contingent, enter C; if unliquidated, enter U; if disputed, enter D.

Subtotal -> (Total of this page)    $

Total -> $

In re: Lauryn Shores          Debtor(s)          Case No

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HWJC | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CUD | AMOUNT OF CLAIM |
|---|---|---|---|---|---|
| A/C # GE Capital Cons Cardco PO BOX 960061 Orlando, FL 32896 | | | Credit Card | | 1398 |
| A/C # WellGroup Health Partners P.O. Box 490 Chicago Heights, IL 60412-0490 | | | medical | | 474 |
| A/C # Verizon Wireless c/o NCO Financial System PO BOX 41846 Philadelphia, PA 19101 | | | CELL PHONE | | 832 |
| A/C # Providian Visa PO Box 660487 Dallas, TX 75266 | | | Credit Card | | 6110 |
| A/C # AAFES Headquarters Army + Air force Dallas, TX 75266-0202 | | | Loan | | 3972 |
| A/C # U.S Department of Education PO Box 530260 Atlanta, GA 30353 | | | Loan | | 2969 |
| A/C # Citifinancial PO BOX 6931 The Lakes, NV 88901 | | | Loan | | 16097 |
| A/C # | | | | | |
| A/C # | | | | | |

Sheet no. 1 of 1 sheets attached to Schedule of Creditors Holding Nonpriority Claims.

Subtotal (Total of this page) ▸ 31,852

Total ▸ $ 38,549

In re: Lauryn Shores

Debtor(s)          Case No.                    (if known)

## SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

☑ Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY.  STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| | |



In re: Lauryn Shares

Debtor(s)    Case No.                    (if known)

☐ Check this box if debtor has no codebtors.

## SCHEDULE H - CODEBTORS

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
|  |  |

In re: Ladryn Shores                                Debtor(s)    Case No.              (If known)

## SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by a married debtor in a chapter 12 or 13 case whether or not a joint petition is filed, unless the spouse are separated and a joint petition is not filed.

| Debtor's Marital Status: | DEPENDENTS OF DEBTOR AND SPOUSE | | |
|---|---|---|---|
| Single | NAMES: Marsan Shores | AGE: 21 | RELATIONSHIP: Son |

| Employment: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | Staff Administrator | |
| Name of Employer | U.S. Army | |
| How long employed | 28 years | |
| Address of Employer | 400 E. 167th St. Harvey, IL 60426 | |

Income:  (Estimate of average monthly income)

| | DEBTOR | SPOUSE |
|---|---|---|
| Current monthly gross wages, salary, and commissions (pro rate if not paid monthly.) | $ 4351 | $ |
| Estimate monthly overtime | | |
| SUBTOTAL | $ | $ |
| LESS PAYROLL DEDUCTIONS | | |
| a. Payroll taxes and social security | | |
| b. Insurance | 1000 | |
| c. Union dues | 234 | |
| d. Other (Specify) Mandatory Pension | 35 | |
| SUBTOTAL OF PAYROLL DEDUCTIONS | | |
| TOTAL NET MONTHLY TAKE HOME PAY | $ 3082 | $ |
| Regular income from operation of business or profession or farm. (attach detailed statement) | | |
| Income from real property | | |
| Interest and dividends | | |
| Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above. | 950 | |
| Social security or other government assistance (Specify) Va disability | 210 | |
| Pension or retirement income. | | |
| Other monthly income (Specify) | | |
| TOTAL MONTHLY INCOME | $ 4242 | $ |
| TOTAL COMBINED MONTHLY INCOME | $ 4242 | (Report also on Summary of Schedules) |

Describe any increase or decrease of more than 10% in any of the above categories anticipated to occur within the year following the filing of this document:

In re: _Lauryn Shores_                    Debtor(s)    Case No. _____    (if known)

## SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average monthly expenses of the debtor and the debtor's family. Pro rate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate.

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse".

Rent or home mortgage payment (include lot rented for mobile home) .................................................... $ 1350
Are real estate taxes included? ☑ Yes ☐ No    Is property insurance included? ☐ Yes ☑ No

Utilities Electricity and heating fuel
    Water and sewer ....................................................................................................... 200
    Telephone ............................................................................................................... 50
    Other ...................................................................................................................... 70

Home maintenance (repairs and upkeep)
Food ............................................................................................................................ 75
Clothing ...................................................................................................................... 300
Laundry and dry cleaning ............................................................................................. 150
Medical and dental expenses ......................................................................................... 50
Transportation (not including car payments) ................................................................. 200
Recreation, clubs and entertainment, newspapers, magazines, etc. .............................. 100
Charitable contributions ................................................................................................ 50
Insurance (not deducted from wages or included in home mortgage payments)
    Homeowner's or renter's
    Life
    Health ................................................................................................................... 60
    Auto ...................................................................................................................... 9.00
    Other .................................................................................................................... 140

Taxes (not deducted from wages or included in home mortgage payments)
(Specify)

Installment payments: (In chapter 12 and 13 cases, do not list payments to be included in the plan)
    Auto
    Other _Mortgage on Lake Shore Drive_ ........................................................ 950
    _assessment fee on Lake Shore Drive_ ........................................ 90

Alimony, maintenance, and support paid to others
Payments for support of additional dependents not living at your home
Regular expenses from operation of business, profession, or farm (attach detailed statement)
Other

TOTAL MONTHLY EXPENSES (Report also on Summary of Schedules) ............................. $ 3844

(FOR CHAPTER 12 AND 13 DEBTORS ONLY)
Provide the information requested below, including whether plan payments are to be made bi-weekly, monthly, annually, or at some other regular interval.

A. Total projected monthly income .................................................................................. $ 4242
B. Total projected monthly expenses .............................................................................. $ 3844
C. Excess income (A minus B) ....................................................................................... $ 398
D. Total amount to be paid into plan each    _Monthly_ .................................................. $ 378

In re: _Lauryn Shores_

Debtor(s)                Case No. _____
                                                                              (If known)

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _Lauryn E. Shores_ sheets, and that
they are true and correct to the best of my knowledge, information, and belief.                    (Total shown on summary page plus 1.)

Date _7/13/05_

Date _____

Signature: _____
                                                        Debtor

Signature: _____
                                                        (Joint Debtor, if any)
(If joint case, both spouses must sign.)

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the _____ (the president or other officer or an authorized agent of the corporation or a member or an
authorized agent of the partnership) of the _____ (corporation or partnership) named as debtor in this case,
declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____ sheets, and
that they are true and correct to the best of my knowledge, information, and belief.                    (Total shown on summary page plus 1.)

Date _____

Signature: _____

(Pint or type name of individual signing on behalf of debtor.)

(An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.)

Penalty for making a false statement or concealing property: Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.SiC. §§ 152 and 3571.

UNITED STATES BANKRUPTCY COURT                    NORTHERN    DISTRICT OF    ILLINOIS

In re **Lauryn Shores**                                      Debtor(s)        Cas. No.

## STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs.

Questions 1-15 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 16-21. Each question must be answered. If the answer to any question is "None," or the question is not applicable, mark the box labeled "None." If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

### DEFINITIONS

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within the two years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or person in control of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any person in control of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. §101(30).

☐ None    **1. Income from Employment or Operation of Business**

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the two years immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)
Give AMOUNT and SOURCE (if more than one).

| 2003  | 2004  | 2005  |
|-------|-------|-------|
| 48000 | 49000 | 19000 |

☐ None    **2. Income Other than from Employment or Operation of Business**

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the two years immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)
Give AMOUNT and SOURCE.

**3. Payments to Creditors**

☒ None    a. List all payments on loans, installment purchases of goods or services, and other debts, aggregating more than $600 to any creditor, made within 90 days immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)
Give NAME AND ADDRESS OF CREDITOR, DATES OF PAYMENTS, AMOUNT PAID and AMOUNT STILL OWING.

☒ None    b. List all payments made within one year immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)
Give NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR, DATE OF PAYMENT, AMOUNT PAID and AMOUNT STILL OWING.

**4. Suits, Executions, Garnishments and Attachments**

☒ None    a. List all suits to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a

immediately preceding the commencement of this case. -Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

Give NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED, DATE OF SEIZURE and DESCRIPTION AND VALUE OF PROPERTY.

☒ None    5. Repossessions, Foreclosures, and Returns

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

Give NAME AND ADDRESS OF CREDITOR OR SELLER, DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN and DESCRIPTION AND VALUE OF PROPERTY.

6. Assignments and Receiverships

☒ None    a. Describe any assignment of property for the benefit of creditors made within 120 days immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

Give NAME AND ADDRESS OF ASSIGNEE, DATE OF ASSIGNMENT and TERMS OF ASSIGNMENT OR SETTLEMENT.

☒ None    b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

Give NAME AND ADDRESS OF CUSTODIAN, NAME AND LOCATION OF COURT, CASE TITLE & NUMBER, DATE OF ORDER and DESCRIPTION AND VALUE OF PROPERTY.

☒ None    7. Gifts

List all gifts or charitable contributions made within one year immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

Give NAME AND ADDRESS OF PERSON OR ORGANIZATION, RELATIONSHIP TO DEBTOR, IF ANY, DATE OF GIFT, and DESCRIPTION AND VALUE OF GIFT.

☒ None    8. Losses

List all losses from fire, theft, other casualty or gambling within one year immediately preceding the commencement of this case or since the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

Give DESCRIPTION AND VALUE OF PROPERTY, DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS and DATE OF LOSS.

☐ None    9. Payments Related to Debt Counseling or Bankruptcy

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within one year immediately preceding the commencement of this case.

Give NAME AND ADDRESS OF PAYEE, DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR and AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY.

☒ None    10. Other Transfers

List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

Give NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR, DATE, and DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED.



Ronald B. Lorsch, 1829 W. 170th Street, Hazel Crest, IL

$    Attorney's Fees

$    Filing Fee

☒ None  **11. Closed Financial Accounts**

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within one year immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

Give NAME AND ADDRESS OF INSTITUTION, TYPE AND NUMBER OF ACCOUNT AND AMOUNT OF FINAL BALANCE and AMOUNT AND DATE OF SALE OR CLOSING.

☒ None  **12. Safe Deposit Boxes**

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

Give NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY, NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY, DESCRIPTION OF CONTENTS and DATE OF TRANSFER OR SURRENDER, IF ANY.

☒ None  **13. Setoffs**

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within 90 days preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

Give NAME AND ADDRESS OR CREDITOR, DATE OF SETOFF and AMOUNT OF SETOFF.

☒ None  **14. Property Held for Another Person**

List all property owned by another person that the debtor holds or controls.

Give NAME AND ADDRESS OF OWNER, DESCRIPTION AND VALUE OF PROPERTY and LOCATION OF PROPERTY.

☒ None  **15. Prior Address of Debtor**

If the debtor has moved within the two years immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

Give ADDRESS, NAME USED and DATES OF OCCUPANCY.

**Unsworn Declaration under Penalty of Perjury**

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date _7/13/05_ _____ Signature of Debtor _~~Karryn E. Lewis~~_

Date _____ Signature of Joint Debtor (If any) _____

_None_ continuation sheets attached

Penalty for making a false statement: Fine of up to $500,000 or im...

Model Plan
Rev. 07/15/2004

Trustee: ___ Marshall      ___ Meyer
___ Stearns       ___ Vaughn

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS

In re:                                    ) Case No. ____ B _____
                                          )
Laumynshores                              )☑ Original Chapter 13 Plan
                                          )
                      Debtors.            )☐ Modified Chapter 13 Plan, dated _____

☐ A check in this box indicates that the plan contains special provisions, set out in Section G. Otherwise, the plan includes no provisions deviating from the model plan adopted by the court at the time of the filing of this case.

**A. Budget items**

1. As stated in the debtor's Schedule I and J , (a) the number of persons in the debtor's household is 2 (b) their ages are 48, 21 _____; (c) total household monthly income is $ 4242 : and (d) total monthly household expenses are $ 3844 , leaving monthly disposable income of $ 398 .

2. The debtor's Schedule J includes $ ___0___ for charitable contributions; the debtor represents that the debtor made substantially similar contributions for 0 months prior to filing this case.

**B. General provisions**

1. The debtor assumes all unexpired leases and executory contracts identified in the debtor's Schedule G.

2. The rights of holders of claims secured by a mortgage on real property of the debtor, proposed to be cured in Paragraph 4 of Section E of this plan, including the right to reimbursement for costs of collection and other payment obligations of the debtor accruing after the filing of this bankruptcy case, shall be modified only to the following extent:

(a) *Prepetition defaults.* If the debtor pays the cure amount specified in Paragraph 4 of Section E, while timely making all required postpetition payments, the mortgage will be reinstated according to its original terms, extinguishing any right of the holder to recover any amount alleged to have arisen prior to the filing of the petition.

(b) *Postpetition defaults.* Within 30 days of issuing the final payment of the cure amount specified in Paragraph 4 of Section E, the standing trustee shall serve upon the holder, the debtor, and any attorney for the debtor a notice stating (1) that the cure amount has been paid, satisfying all prepetition mortgage obligations of the debtor, (2) that the holder is required to treat the mortgage as reinstated and fully current unless the debtor has failed to make timely payments of postpetition obligations, (3) that if the debtor has failed to make timely payments of any postpetition obligations, the holder is required to itemize all outstanding payment obligations as of the date of the notice, and file a statement of these obligations with the court, giving notice to the standing trustee, the debtor, and any attorney for the debtor, within 60 days of service of the notice from the trustee (or such longer time as the court may order), (4) that if the holder fails to file and serve a statement of outstanding obligations within the required time, the holder is required to treat the mortgage as reinstated according to its original terms, fully current as of the date of the trustee's notice, and (5) that if the holder does serve a statement of outstanding obligations within the required time, the debtor may (i) within 30 days of service of the statement,  challenge the accuracy of the statement by motion filed with the court, on notice to the holder and the standing trustee, with  the court resolving the challenge as a contested matter,  or (ii) propose a modified plan to provide for payment of additional amounts that the debtor acknowledges or the court determines to be due.  To the extent that amounts set forth on a timely filed statement of outstanding obligations are not determined by the court to be invalid or are not paid by the debtor through a modified plan, the right of the holder to collect these amounts will be unaffected.  No liability shall result from any nonwillful failure of the trustee to serve the notice required by this subparagraph.

(c) *Costs of collection.* Costs of collection, including attorneys' fees, incurred by the holder after the filing of this bankruptcy case and before the final payment of the cure amount specified in Paragraph 4 of Section E

may be added to that cure amount pursuant to order of the court on motion of the holder.  Otherwise, any suc
costs of collection shall be claimed pursuant to subparagraph (b) above.

3. The holder of any claim secured by property of the estate, other than a mortgage treated in Section C or in
Paragraph 3 of Section E, shall retain the lien
☐ until receipt of all payments provided for by this plan on account of the claim, including payments on
account of any unsecured portion of the claim, /or/
☑ until receipt of all payments provided for by this plan on account of the portion of the claim that is a secure
claim under 11 U.S.C. § 506(a),
at which time the lien shall terminate and be released by the creditor.

4. Within 14 days of a request by the trustee, the debtor shall provide (a) copies of any tax returns filed durin
the pendency of this case, and (b) a copy of the debtor's current wage statement.

5. The debtor shall retain records, including all receipts, of all charitable donations listed in Schedule J.

**C.
Direct
payment
of claims
by debtor**

☐ The debtor will make no direct payments to creditors holding prepetition claims. /or/
☑ The debtor will make current monthly payments, as listed in the debtor's Schedule J—increased or
decreased as necessary to reflect changes in variable interest rates, escrow requirements, collection costs, or
similar matters—directly to the following creditors holding claims secured by a mortgage on the debtor's rea
property:
Creditor: National City_____, monthly payment, $ 1350
Creditor: Chase Manhattan_____, monthly payment, $ 950
*If this box is ☐ checked, additional direct mortgage payments are listed on the overflow page.*

**D.
Payments
by debtor
to the
trustee**

1. Initial plan term. The debtor will pay to the trustee $ 398_____ monthly for 36__months
[and $_____monthly for an additional_____months], for total payments, during the initial plan te
of $14328___. [Enter this amount on Line 1 of Section H.]

2. Adjustments to initial term. (a) If the amount paid by the debtor to the trustee during the initial plan term
does not permit payment of general unsecured claims as specified in Paragraphs 8 and 9 of Section E, then
debtor shall make additional monthly payments, during the maximum plan term allowed by law, sufficient
permit the specified payments. (b) The plan will conclude, prior to the end of the initial term, at such time
all allowed claims are paid in full, with any interest required by the plan.

**E.
Disburse-
ments by
the
trustee**

The trustee shall disburse payments received from the debtor under this plan as follows:

1. Trustee's fees. Payable monthly, as authorized; estimated at ___8___ % of plan payments; and during t
initial plan term, totaling $ 1146_____. [Enter this amount on Line 2a of Section H.]

2. Priority claims of debtor's attorney.  Payable in amounts allowed by court order, in installments.
Installment payments shall be made as follows, up to the allowed amount, unless lower installment paym
are ordered by the court: an initial installment of one-half of the funds held by the trustee at the time the
trustee receives the order allowing fees (not including amounts for current mortgage payments) and
subsequent monthly installments of one-half of the regular monthly payment of the debtor (not including
current mortgage payments).  The total claim of debtor's attorney is estimated to be $2903.40___.[E
this amount on Line 2b of Section H.]

3. Current mortgage payments. Payable according to the terms of the mortgage, as set forth below, begin
with the first payment due after the filing of the case.  Each of these payments shall be increased or decre
by the trustee as necessary to reflect changes in variable interest rates, escrow requirements, or similar
matters; the trustee shall make the change in payments as soon as practicable after receipt of a notice of t
change issued by the mortgage holder, but no later than 14 days after such receipt.  The trustee shall noti

2

debtor of any such change at least 7 days before putting the change into effect.

(a) To creditor_____, monthly payments of $_____. These
payments, over the term of the plan, are estimated to total $ _____.

(b) To creditor_____, monthly payments of $_____. These
payments, over the term of the plan, are estimated to total $ _____.

If this box □ is checked, additional current mortgage payments are listed on the overflow page.
The total of all current mortgage payments to be made by the trustee under the plan is estimated
to be $ _____Ø_____. [Enter this amount on Line 2c of Section H.]

4. Mortgage arrears. Payable as set forth below, regardless of contrary proofs of claim, except that the arrear
payable may be reduced either with the consent of the mortgagee or by court order, entered on motion of the
debtor with notice to the trustee and the mortgagee. Any such reduction shall be effective 14 days after eith
the trustee's receipt of a notice of reduction consented to by the mortgagee or the entry of a court order
reducing the arrearage.

(a) To creditor_____, arrears of $_____, payable monthly
□pro rata with payments on secured claims /or/ □ in fixed installments of $ _____;
and payable □ without interest /or/ □ with interest at an annual percentage rate of _____%.
      These arrearage payments, over the term of the plan, are estimated to total $ ___Ø_____.

(b) To creditor_____, arrears of $_____, payable monthly
□pro rata with payments on secured claims /or/ □ in fixed installments of $ _____;
and payable □  without interest /or/ □  with interest at an annual percentage rate of _____%.
      These arrearage payments, over the term of the plan, are estimated to total $ ___Ø_____.

If this box □  is checked, additional direct arrearage payments are listed on the overflow page.
The total of all mortgage arrearage payments to be made by the trustee under the plan is estimated
to be $ _____Ø_____. [Enter this amount on Line 2d of Section H.]

5. Other secured claims. All secured claims, other than mortgage claims treated above, are to be paid in ful
during the plan term, with interest at an annual percentage rate specified below in the amounts stated (subje
to reduction either with the consent of the creditor or by court order, implemented as for reductions of
mortgage arrears), regardless of contrary proofs of claim, in monthly installments, pro rata, but with fixed
monthly payments if so specified (by a check mark and payment amount):

(a) Creditor: CMGC_____ Collateral:Car-2003 Chevy cavlier_____
Amount of secured claim: $9125 APR   5   % □ Fixed monthly payment: $_____;
Total estimated payments, including interest, on the claim: $9608.16_____.

(b) Creditor: Bay Furniture_____ Collateral: Furniture_____
Amount of secured claim: $ 3100_____ APR_____% □ Fixed monthly payment: $_____;
Total estimated payments, including interest, on the claim: $3 ¡00_____

If this box □ is checked, additional secured claims are listed on the overflow page. [All claims in the debto
Schedule D, other than mortgages treated above, must be listed in this paragraph.]

The total of all payments on these secured claims, including interest, is estimated to be $13108_____
[Enter this amount on Line 2e of Section H.]
6. Allowed priority claims other than those of the debtor's attorney. Payable in full, without interest, on a
rata basis. The total of all payments on non-attorney priority claims to be made by the trustee under the p
is estimated to be $ _____Ø_____ . [Enter this amount on Line 2f of Section H.]

3

7. Specially classified unsecured claim. A special class consisting of the following non-priority unsecured claim: _____ shall be paid at _____%
of the allowed amount. The total of all payments to this special class is estimated to be $ _____∅_____.
[Enter this amount on Line 2g of Section H.]

Reason for the special class: _____.

8. General unsecured claims (GUCs). All allowed nonpriority unsecured claims, not specially classified, including unsecured deficiency claims under 11 U.S.C. § 506(a), shall be paid, pro rata, □ in full, /or / □ to the extent possible from the payments set out in Section D, but not less than 1O ___% of their allowed amount. [Enter minimum payment percentage on Line 4b of Section H.]

9. Interest. Interest ☑ shall not be paid on unsecured claims /or / interest □ shall be paid on unsecured claims, including priority and specially classified claims, at an annual percentage rate of _____%.
[Complete Line 4d of Section H to reflect interest payable.]

**F. Priority**

The trustee shall pay the amounts specified in Section E of this Plan in the following order of priority: (1) trustee's authorized percentage fee; (2) priority claims of the debtor's attorney; (3) secured claims paid in fix monthly installments (pro rata in the event of an insufficiency); (4) secured claims not paid in fixed installments; (5) priority claims other than those of the debtor's attorney; (6) specially classified nonpriority unsecured claims; and (7) general unsecured claims.

**G. Special terms**

Notwithstanding anything to the contrary set forth above, this Plan shall include the provisions set forth in th box following the signatures. The provisions will not be effective unless there is a check in the notice box preceding Section A.

**H. Summary of payments to and from the trustee**

(1) Total payments from the debtor to the Chapter 13 trustee    $1328
    (subject to Paragraph 2 of Section D)

(2) Estimated disbursements by the trustee for non-GUCs
    (general unsecured claims):
    (a) Trustee's Fees    $1146
    (b) Priority payments to debtor's attorney    $2903.40
    (c) Current mortgage payments    $ ∅
    (d) Payments of mortgage arrears    $ ∅
    (e) Payments of other allowed secured claims    $ 13108
    (f) Payments of non-attorney priority claims    $ ∅
    (g) Payments of specially classified unsecured claims    $ ∅
    (h) Total *[add Lines 2a through 2g]*    $7157.46

(3) Estimated payments available for GUCs and interest during    $ O
    initial plan term *[subtract Line 2h from Line 1]*

(4) Estimated payments required after initial plan term:
    (a) Estimated total GUCs, including unsecured    $3899.3
        deficiency claims under § 506(a)
    (b) Minimum GUC payment percentage    10 %
    (c) Estimated minimum GUC payment *[multiply line 4a    $3899
        by line 4b]*
    (d) Estimated interest payments on unsecured claims    $ ∅
    (e) Total of GUC and interest payments *[add Lines 4c    $ 3899
        and 4d]*
    (f) Payments available during initial term *[enter Line 3]*    $ ∅
    (g) Additional payments required *[subtract Line 4f from    $3899
        line 4e]*

4

(5) Additional payments available:

    (a) Debtor's monthly payment less trustee's fees and
       current mortgage payments made by the trustee    $3606

    (b) Months in maximum plan term after initial term    24
    (c) Payments available *[multiply line 5a by line 5b]*    $8784

**Sig-natures:**

Debtor _Lauren E. Starks_    Date _7/13/05_

Debtor _____    Date _____

Debtor's Attorney _Ronald B. Lorsch_    Date _7/13/05_

**Attorney Information** (name, address, telephone, etc.)

Ronald B. Lorsch
1829 W. 170th St.
Hazel Crest, IL. 60429
708-799-0102

**Special Terms** *[as provided in Paragraph G]*